**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Henry T. Whetsell, Respondent,

v.

Sabina Whetsell, Appellant.

Appellate Case No. 2024-000351

Appeal From Dorchester County
Mandy Wilkerson Kimmons, Family Court Judge

Unpublished Opinion No. 2026-UP-374
Submitted February 3, 2026 – Filed July 15, 2026

**AFFIRMED**

Vernee Chnita Hancock, of Hancock Law Firm, of Summerville, for Appellant.

Julio A. Rossington, of Rossington Law Offices, LLC, of Summerville; Robert Alan Walters and Bryan D. Caskey, both of Law Offices of Bryan Caskey, LLC, of Columbia, all for Respondent.

**PER CURIAM:** In this domestic appeal, Sabina Whetsell (Wife) argues the family court erred in (1) awarding alimony, (2) apportioning the marital estate, and (3) failing to award attorney's fees and costs. We affirm.

We find the preponderance of the evidence supports the amount of alimony awarded by the family court. *See Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019) ("On appeal from the family court, the appellate court reviews factual and legal issues de novo."); *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018) (providing that under the de novo standard of review, this court may make its own findings of fact but should recognize the superior position of the family court to assess witness credibility); *id.* (holding that de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings). The parties were married for approximately twenty-eight years at the time of separation. The breakdown of the marriage can be attributed to both parties as was noted by the family court. Henry Whetsell (Husband) is completely disabled and in poor health; Wife is also in poor health. For the majority of the marriage, Wife was a homemaker and did not enter the workforce until Husband's workplace injury forced him into retirement. The record shows the parties enjoyed a frugal lifestyle while married and possessed minimal assets. At the time of separation, the parties' children were both emancipated and no longer financially dependent. In fact, the parties at times borrowed money from their children. Although Wife likely has more monthly expenses due to caring for her adult son, Husband is not the father of this child and Wife receives $915 in social security benefits to aid with this care. From the record, we can impute Husband's monthly income to around $2,072.09; his income is comprised of social security benefits and annuities. Husband's income is unlikely to change as he was seventy-seven years old at the time of trial. Wife testified her monthly income was around $1,143.75. Thus, we affirm the family court's award of $230 in monthly alimony.[1] *See Hagood v. Hagood*, 427 S.C. 642, 657, 832 S.E.2d 609, 617 (Ct. App. 2019) ("Alimony is a substitute for the support normally incident to the marital relationship."); *Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 839 (Ct. App. 2021) ("The purpose of alimony is to place the supported spouse in the same position he or she enjoyed during the marriage."); *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001) (requiring an award of alimony to be "fit, equitable, and just").

---

[1] Although the family court did not specify its analysis as to each statutory factor, this court is able to deduce the evidentiary support for alimony and find the award effectively balances Wife's need for alimony with Husband's ability to provide monetary support. *See Way v. Way*, 398 S.C. 1, 10–11, 726 S.E.2d 215, 220 (Ct. App. 2012) ("Although section 20-3-130(C) requires the family court to consider and give appropriate weight to each of the thirteen factors, it does *not* require a full explanation of the weight accorded to each factor." (emphasis added)).

We also affirm the family court's apportionment of the marital estate. *See Johnson v. Johnson*, 296 S.C. 289, 293, 372 S.E.2d 107, 109 (Ct. App. 1988) ("The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership."). The marital home is essentially the only asset in the parties' marital estate. However, the parties presented minimal to no evidence as to the value of the home.[2] The family court ordered the sale of the marital home and for the proceeds to be split equally between the parties.[3] We find this allocation was proper. Although we sympathize with Wife's situation, we cannot ignore that Husband is entitled to his equitable share of the marital estate, which in this instance, is half of the home's value. *See e.g., Rogers v. Rogers*, 432 S.C. 168, 187, 851 S.E.2d 447, 457 (Ct. App. 2020) ("While this is a harsh penalty to Wife, we are not persuaded the family court erred in its decision."). Wife asserts the family court erred in failing to consider an "in-kind" distribution, but the record shows there is nothing to comprise such a share. Thus, Wife failed to show that an equal division of the marital residence was not equitable or that the family court failed to weigh the required factors. Therefore, we affirm the family court's allocation of the marital estate. *See Johnson*, 296 S.C. at 293, 372 S.E.2d at 109 ("The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership."); S.C. Code Ann. § 20-3-620(B) (2014) (enumerating fifteen factors to be considered by the family court in making equitable distribution determinations); *Johnson*, 296 S.C. at 299–300, 372 S.E.2d at 113 ("The statute vests in the [family court], not the appellate court, the discretion to decide what weight should be assigned to the various factors."); *King v. King*, 384 S.C. 134, 143, 681 S.E.2d 609, 614 (Ct. App. 2009) ("The appellate court looks to the overall fairness of the apportionment.").

Based on the foregoing, we also affirm the family court's determination of attorney's fees and costs. *See Weller*, 434 S.C. at 543, 863 S.E.2d at 841–42 (affirming the family court's award of attorney's fees when affirming the other findings challenged on appeal).

---

[2] There is a lot of conflict surrounding the marital residence and the parties' contributions to the residence. The record indicates the parties were unable to have the home appraised prior to trial due to their inability to communicate effectively.

[3] The court specified a certain amount would go straight to Wife, prior to splitting the proceeds, to offset her deficit due to incurred marital debt.

**AFFIRMED.**[4]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.